IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 16 C 7645<br>) |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION, BLUE CROSS BLUE SHIELD OF TEXAS, LEXTECH GLOBAL SERVICES CORP. and LOCATION SERVICES IP, LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Travelers Property Casualty Company of America ("Travelers") has brought a Complaint for Declaratory Judgment against four defendants, seeking to establish that it owes no insurance coverage obligations to two of those defendants in connection with pending Texas litigation in which a third defendant -- Location Services IP, LLC ("Location Services") -- has filed suit against those two defendants. This memorandum order is issued sua sponte because Travelers' Complaint as filed has failed to establish the existence of federal subject matter jurisdiction.

Federal jurisprudence has universally established that the Federal Declaratory Judgment Act (28 U.S.C. § 2201)[1] does not itself confer such subject matter jurisdiction in the federal courts. Hence Travelers seeks to look to the diversity-of-citizenship branch of federal

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

jurisdiction (see Section 1332) to bring itself into this District Court. As part of its allegations toward that goal here is what Complaint ¶ 6 alleges as to Location Services:

> Upon information and belief, Defendant Location Services IP, LLC ("Location Services") is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Plano, Texas. It is named as a defendant as an interested or necessary party to be bound by the determination of the Court in this action.[2]

But therein lies the rub. Although Complaint ¶¶ 2 through 5 set out proper citizenship allegations as to Travelers and three of the defendants (all four of those parties are corporations), Location Services' name confirms that it is not a conventional corporation but rather a limited liability company. And on that score it has long been firmly established that the citizenship of such a party for federal jurisdictional purposes is not a matter of the limited liability company's state of incorporation or the location of its principal place of business, both of which are total irrelevancies for jurisdictional purposes, but rather the citizenship of every member of that entity -- see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006). Although the Wise decision is "only" a decade old, it is emblematic of decisions that go back a good deal farther and stand for the general proposition that all types of membership entities that are not conventional corporations but may nonetheless be suable in their entity names are treated for diversity purposes in the manner stated in this paragraph -- Wise is cited here because it is on all fours with this case in that respect.[3]

---

[2] [Footnote by this Court] Indeed, Location Services filed the underlying action because it "is allegedly the current assignee of the patents" (Complaint ¶ 12) that are the subject of the "Underlying Action," a patent infringement lawsuit.

[3] It might well be thought that by now every lawyer and law firm with even a modicum of federal court experience would be aware of the fundamental principles stated in the text. In this instance Travelers' law firm Tressler, LLP is a multioffice national law firm that certainly qualifies in those terms -- and as an added irony, the firm's name identifies it as a limited liability
(continued)

Under these circumstances, the teaching of Court of Appeals is that a plaintiff's failure to establish the existence of subject matter jurisdiction calls for dismissal of the action, and this Court so orders. But because it would seem quite likely that no member of Location Services is a Connecticut citizen, and because Complaint ¶ 2 properly identifies Travelers' citizenship in that state (Section 1332(c)(1)), it would seem probable that the defect identified here could be cured by an appropriate filing by Travelers. If that were to occur, this Court would entertain a motion to reinstate the case without Travelers' counsel having to redo the Complaint and its exhibits (all of which could be retained via a proposed incorporation by reference), but because that would be the equivalent of filing a new lawsuit Travelers would have to accompany its new filing with payment of a $400 filing fee to the Clerk of this District Court.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 5, 2016

---

(footnote continued)
partnership to which the identical principle would apply if it were itself embroiled in litigation as a principal.